**RIVERSIDE SHERIFF'S ASSOCIATION, a not-for-profit mutual benefit corporation; et al., Plaintiffs—Appellants,**

v.

**COUNTY OF RIVERSIDE, a political subdivision; et al., Defendants—Appellees.**

No. 03–56007.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2005.

Decided March 23, 2005.

Marc J. Berger, Esq., Pasadena, CA, for Plaintiffs–Appellants.

Christopher D. Lockwood, Esq., Lewis Brisbois Bisgaard & Smith LLP, San Bernardino, CA, Arthur K. Cunningham, Esq., for Defendants–Appellees.

Appeal from the United States District Court for the Central District of California, Virginia A. Phillips, District Judge, Presiding. D.C. No. CV–02–00560–VAP.

Before: KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

### MEMORANDUM *

Riverside Sheriff's Association and Coy Bradstreet sued the County of Riverside ("County") for an injunction and damages, claiming that the County failed to afford Bradstreet the name-clearing hearing to which he was entitled upon his discharge from employment. The district court granted summary judgment to the County. We affirm.

Because Bradstreet was a probationary employee, he had a right to a liberty interest hearing only if, "in the context of [his] employer discharging or failing to rehire" him, *Seigert v. Gilley*, 500 U.S. 226, 233,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

111 S.Ct. 1789, 114 L.Ed.2d 277 (1991), "the State ... imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities," *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Moreover, "the charges must be published." *Portman v. County of Santa Clara,* 995 F.2d 898, 907 (9th Cir.1993).

No "stigma" could have attached to the termination because the county gave no reason at all in the termination letter placed in Bradstreet's employment record. The district court correctly found that "[t]he only statement made at the time of termination simply says [Bradstreet] was released on probation, and gives no reasons at all.... There is no evidence that, at the time of [Bradstreet's] termination, any statement regarding any basis for [his] discharge was made public."

Nor does the County's filing of an investigative report to the District Attorney constitute "publication" of stigmatizing charges in connection with the termination. Sending the investigation report did not create a "public record," as Bradstreet claims; only the District Attorney's independent decision to prosecute "published" the charges, *Portman,* 995 F.2d at 907, and could possibly have "foreclosed [Bradstreet's] freedom to take advantage of other employment opportunities." *Roth,* 408 U.S. at 573, 92 S.Ct. 2701.

Moreover, Bradstreet and the Riverside Sheriff's Association have not provided evidence that the County has an official policy, custom, and practice of discharging probationary deputies, upon charges of misconduct expressed or implied in their records, which stigmatizes employees in their ability to retain law enforcement employment with other public employers, as required by *Monnell v. Department of Social Services of the City of New York,* 436

U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding that "[l]ocal governing bodies ... can be sued directly under § 1983" only where the unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.").

In any event, Bradstreet was given an opportunity to explain his version of the incident during the investigation, had a preliminary hearing on the charges in criminal court, which led to the charges being dismissed, and could have further availed himself of a proceeding declaring him factually innocent of the charges under California Penal Code section 851.8(c). As the district court recognized, an employee has no need for a name-clearing hearing in connection with criminal charges, because the criminal justice system adequately protects whatever procedural rights are due him.

AFFIRMED.